UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN KIRSCHNER and
DIANA KIRSCHNER,

      Plaintiffs,

    v.

WELLS FARGO BANK, and
REBECCA LYONS,

      Defendants.
_____/

Case No. 21-10785

Hon. George Caram Steeh

ORDER GRANTING MOTION FOR
ALTERNATE SERVICE (ECF NO. 17)

    Plaintiffs seek leave to serve Defendant Rebecca Lyons by alternate means because her current address is unknown. Pursuant to Fed. R. Civ. P. 4(e), service on an individual may be made by "following state law" in the forum state. The Michigan Court Rules provide that an individual may be served by personal delivery or by certified mail, return receipt requested, and delivery restricted to the addressee. M.C.R. 2.105(A). If service "cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(J)(1).

When a defendant's address is unknown, "the moving party must set forth facts showing diligent inquiry to ascertain it." M.C.R. 2.105(J)(2). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Interstate Asphalt Holdings LLC v. Spry*, No. 20-CV-12755, 2020 WL 7338566, at *2 (E.D. Mich. Dec. 14, 2020) (quoting *Krueger v. Williams*, 300 N.W.2d 910, 919 (Mich. 1981)).

Plaintiffs state that Lyons's last known address was in Santa Cruz, California. According to the United States Post Office, she recently moved without leaving a forwarding address. Plaintiffs contacted her former landlord and hired a private investigator in an effort to locate Lyons. *See* ECF No. 17 at PageID 165-66, 171. The private investigator was unable to find an address for Lyons after searching various public records. The landlord reported that Lyons had vacated her apartment "some time ago, still owing back rent." *Id.* at PageID 165. A bankruptcy filing from 2019 listed her address as "General, Santa Cruz, CA 95060." *Id.* at PageID 178. The investigator obtained several possible email addresses for a Rebekah Lynn Lyons, one of which is identical to the email of Lyons's "former business associate/personal partner James Rogers." *Id.* at PageID 166.

Plaintiffs seek leave to serve Lyons by publication in a newspaper in Santa Cruz, California. *See* M.C.R. 2.106(F) (defining "newspaper" for purposes of the rule). Service of process by publication alone "is generally regarded as the method least likely to impart actual notice." *Krueger v. Williams*, 410 Mich. 144, 165-66 (1981). However, it comports with due process in "certain limited situations" such as when "the specific whereabouts of a person is unknown." *Id.* Under those circumstances, "service of process by publication may be the most practicable and adequate method of service available." *Id.; see also Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 317 (1950) (publication appropriate "in the case of persons missing or unknown").

Plaintiffs have made a diligent effort to ascertain the whereabouts of Rebecca Lyons, but have not obtained her current address. Therefore, service under M.C.R. 2.105(A) is impracticable and substituted service in the form of publication is appropriate. In addition, under the circumstances, service via email is reasonably calculated to provide Lyons with actual notice of these proceedings. *See BBK Tobacco & Foods, LLP v. Gooshelly*, No. 20-10025, 2020 WL 2315879, at *3 (E.D. Mich. May 11, 2020) (noting that "[n]umerous courts have held that email service on defendants that do business online, and are connected to email addresses, is consistent with

due process" and permitting alternative service through email on foreign business with unknown address). Indeed, service using the email addresses potentially connected to Lyons appears to have a greater chance of providing actual notice than publication and is worth attempting.

Accordingly, Plaintiffs' motion for alternate service is GRANTED. Plaintiffs shall attempt to serve Defendant Lyons with a copy of the summons, complaint, and this order by email (with read and delivery receipts), using the email addresses potentially connected with her as identified by their investigator. Plaintiffs shall file a proof of service detailing their efforts in this regard.

The court will concurrently enter Plaintiffs' proposed order allowing service by publication, which complies with the notice requirements set forth in M.C.R. 2.106(C). Plaintiffs shall serve Defendant Lyons by publishing that order in a Santa Clara County newspaper (as defined in M.C.R. 2.106(F)) once per week for three consecutive weeks. Plaintiffs shall file a proof of service in accordance with M.C.R. 2.106(G). The mailing requirement pursuant to M.C.R. 2.106(D)(2) is waived.

SO ORDERED.

Dated: August 19, 2021                    s/George Caram Steeh
                                          George Caram Steeh
                                          United States District Judge